IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| QWANELL JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-00096-JPG |
| ) | |
| OFFICER FORD, ) | |
| UNKNOWN OFFICERS, and ) | |
| MEDICAL STAFF,[1] ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Qwanell Jones, a pretrial detainee in the Madison County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Jones contends Alton police officers violated his constitutional rights during his arrest and prior to his being transferred to the Madison County Jail. Plaintiff also takes issue with the medical care offered by medical staff at the Madison County Jail.

Because Plaintiff is a prisoner, under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Section § 1915A provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

---

[1] The form complaint actually lists "Alton Police Madison County IL" in the caption as the defendant. However, with the complaint the defendants are listed as Officer Ford and Madison County Medical Staff. The complaint then details how multiple Alton police officers, other than Ford, mistreated Plaintiff. Consequently, Ford, Unknown Officers and Medical Staff have been recognized as defendants. Plaintiff may move to amend the complaint, if the Court has misconstrued the proper parties.

>    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>    (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

Plaintiff Jones contends that on December 3, 2013, he was arrested by four to six Alton police officers, including Officer Ford. During the course of the arrest, Plaintiff was allegedly forcefully taken to the ground, and then beaten and kicked, although he had not been aggressive

and was trying to be compliant. Plaintiff sustained multiple injuries, principally to his left testicle, back and ankle. When Plaintiff requested medical care, the officers only threatened to inflict more harm (by Officer Ford in particular). The officers then took $600.00 from Plaintiff and commented that only half would get turned in at the police station. Although Plaintiff had not been read the *Miranda* warnings, he requested an attorney, but Officer Ford continued to question him. While being booked at the Alton Police Department, Plaintiff again asked for medical care, to no avail. He also requested an attorney, but the questioning continued. Plaintiff was in pain for three days, until he was transferred to the Madison County Jail.

   Plaintiff was given any medical attention upon his arrival at the Madison County Jail, but there is no indication he requested care, or that his injuries were such that his need for medical care was obvious. After one day, Plaintiff submitted a sick call slip to see a nurse. The nurse questioned Plaintiff and said he would be seen by a doctor, but no pain medication was issued. Plaintiff was subsequently seen by a doctor, who indicated that a specialist would have to examine Plaintiff's swollen testicle. Medication for an infection was prescribed, but no pain medication or sleeping pills were issued. Plaintiff rejected ice for his swollen testicle, not wanting to appear weak and injured in front of other inmates. Plaintiff has never received satisfactory medical attention.

   Plaintiff is also served fish every Friday, even though he told the nurse and doctor who saw him that he is allergic to fish. Consequently, he goes hungry on Fridays.

   Based on the allegations in the complaint and attached narrative of his claims, the Court finds it convenient to divide the *pro se* action into four counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial

officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

> **Count 1: Officer Ford and Unknown Officers of the Alton Police Department used excessive force in arresting Plaintiff, in violation of the Fourth Amendment;**
>
> **Count 2: Officer Ford and Unknown Officers of the Alton Police Department denied Plaintiff medical care, in violation of the Fourth and/or Fourteenth Amendments;**
>
> **Count 3: Medical Staff at the Madison County Jail did not properly care for Plaintiff's injuries and pain, in violation of the Fourth and/or Fourteenth Amendments; and**
>
> **Count 4: Medical Staff at the Madison County Jail did not properly care for Plaintiff when they allowed Plaintiff to be served fish, in violation of the Fourth and/or Fourteenth Amendments.**

The complaint vaguely suggests that Plaintiff was arrested without cause.  However, reading the complaint as a whole, a false arrest claim does not appear to be tied to the prayer for relief.  If Plaintiff desires to assert such a claim, he should move to amend the complaint accordingly.

Although the complaint also mentions that Plaintiff was not advised of his Fifth Amendment rights in accordance with *Miranda v. Arizona*, 384 U.S. 436 (1966), these allegations seem to have been offered only as contextual detail, as opposed to independent constitutional claims.  The prayer for relief and references to the Eighth Amendment are consistent with that view.  If Plaintiff desires to assert any Fifth Amendment claims, he may file an amended complaint.  The Court offers no opinion as to whether such claims would be barred under the so-called *Younger* abstention doctrine.  *See Younger v. Harris,* 401 U.S. 37 (1971).

The allegation regarding the officers stealing Plaintiff's money also seems to be offered only as a contextual detail.  In any event, such a property claim cannot proceed under Section

1983 if the state provides an adequate remedy, which Illinois does: the Court of Claims. *See Murdock v. Washington,* 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis,* 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. 505/8. If Plaintiff did intend such a claim, he may consider it dismissed without prejudice.

## Discussion

As a preliminary matter, the Court notes that Plaintiff's legal status at various stages is not entirely clear. He may have been an arrestee, falling under the protection of the Fourth Amendment, or a pretrial detainee with the ambit of the Fourteenth Amendment. *See Currie v. Chhabra*, 728 F.3d 626, 631 (7th Cir. 2013); *Lopez v. Chicago*, 464 F.3d 711, 718-19 (7th Cir. 2006); *Gerstein v. Pugh*, 420 U.S. 103, 123-25 (1975). At this juncture, construing the complaint in the light most favorable to Plaintiff, the Fourth Amendment's "reasonableness" standards will be applied. *See Holmes v. Village of Hoffman Estates*, 511 F.3d 673, 685 (7th Cir. 2007) (reasonableness standard, in light of the totality of the circumstances is used to evaluate claims regarding "excessive force" in the course of an arrest); *Currie*, 728 F.3d at 631 (objectively unreasonable standard is the threshold when assessing an arrestee's medical treatment claim).

If Plaintiff turns out to be a pretrial detainee, the Fourteenth Amendment would supply the applicable legal standard. The Due Process Clause of the Fourteenth Amendment governs claims of pretrial detainees, while the Eighth Amendment applies to claims of inmates. *See Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008); *see also Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Forest v. Prine*, 620 F.3d 739, 744-45 (7th Cir. 2010). The Due Process Clause prohibits conditions of confinement for pretrial detainees that amount to "punishment." *Board v. Farnham,* 394 F.3d 469, 477 (7th Cir. 2005).

Counts 1-3 state colorable Fourth Amendment claims and shall proceed. Of course, Plaintiff will have to identify the Unknown Officers and Medical Staff involved and file an amended complaint naming those defendants in order to proceed to trial.

Count 4, regarding Plaintiff being served fish despite having notified a nurse and a doctor that he is allergic to fish, fails to state a viable claim. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). There is no indication that the nurse and doctor who knew about the allergy had any knowledge of or involvement with the dietary program. There is no allegation that Plaintiff asked for a special diet. Therefore, as pleaded, Count 4 fails to state a claim and will be dismissed without prejudice.

### Disposition

The Clerk of Court is **DIRECTED** to have the record reflect that **UNKNOWN OFFICERS** are a named defendant(s).

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 4** is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that **COUNTS 1-3** shall **PROCEED** against **OFFICER FORD**, **UNKNOWN OFFICERS**, and **MEDICAL STAFF**.

The Clerk of Court shall prepare for Defendant **OFFICER FORD**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant Ford's place of employment as identified by Plaintiff. If

Ford fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant Ford, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on **UNKNOWN OFFICERS** and the similarly unidentified **MEDICAL STAFF** until such time as Plaintiff has identified them by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

If Defendant Ford no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Ford's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant(s) (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant **OFFICER FORD** is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States

Magistrate Judge for further pretrial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, assuming the motion is ultimately granted, which remains to be seen, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: February 19, 2014

*s/ J. Phil Gilbert*
**United States District Judge**