IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| QWANELL JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No.   14-cv-00096-JPG-PMF |
| | ) |
| OFFICER FORD, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendant Officer Ford's motion for summary judgment (Doc. No. 15).  Also submitted is a sua sponte recommendation that plaintiff's claims against unknown parties be dismissed without prejudice for lack of service of process.

Plaintiff Qwanell Jones filed this civil rights action challenging as unreasonable the force used to make his arrest and some of the conditions he experienced while detained between December 3, 2013, and January 27, 2014.  Defendant Ford seeks judgment in his favor on Counts 1 and 2, claiming that the undisputed facts show that he assisted in making the arrest without using objectively unreasonable force and was not personally involved in medical care deprivations or other conditions of Jones' jail detention.  Jones was notified of the possible consequences of the motion and failed to respond.  The absence of a response may be considered as an admission that the motion for summary judgment has merit.   SDIL-LR 7.1(c).

The materials on file show that the amount of physical force used by Ford while placing Jones under arrest was objectively reasonable under the circumstances.  On December 3, 2013, Ford was responding to a report of a store armed robbery by two men.

Jones met the description of the suspects and was located in the vicinity hiding behind a shed. He got down on the ground in a prone position but kept his hands underneath him. Ford acted reasonably when he grabbed Jones' arm and changed its position from the front of Jones' body to the back of his body when Jones failed to promptly show his hands as directed by arresting officers. Ford also acted reasonably by holding an arm behind Jones' back while handcuffs were being applied. Jones declined an offer of medical care. Ford was not personally involved with any subsequent events at the jail. Ford has demonstrated that his conduct satisfies the Fourth Amendment's objective reasonableness standard, which applies in this context. *See Currie v. Chhabra*, 728 F.3d 626, 629-630 (7th Cir. 2013)(applying Fourth Amendment to conditions experienced prior to a judicial determination of probable cause).

Unknown parties remain in this case. The deadline for service of process has expired, and the deadline imposed for filing an amendment in order to add new parties has also expired (Doc. No. 13). The unknown medical staff and unknown officers have not been served. They should be dismissed without prejudice for lack of timely service of process. Fed. R. Civ. P. 4(m).

IT IS RECOMMENDED that the motion (Doc. No. 15) be GRANTED. Judgment should enter in favor of defendant Officer Ford and against plaintiff Qwanell Jones on part of Counts 1 and 2.

IT IS FURTHER RECOMMENDED that remaining claims against unknown parties (part of Counts 1 and 2 and all of Count 3) be dismissed without prejudice for lack of timely service of process.

If these recommendations are adopted, no issues will remain for decision.

SUBMITTED: January 16, 2015.

    s/Philip M. Frazier
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE